THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LIANA JOELENE CABRERA<br><br>Defendant. | CRIMINAL CASE NO. 25-00005-001<br><br>**ORDER**<br>re Defendant's Request to Access Law Library<br>(ECF No. 68-1) |

Pending before the court is Defendant's request to access and utilize the law library while she is detained pending trial.[1] Def. Letter, ECF No. 68-1. Upon reviewing Defendant's request and relevant case law, the court hereby issues this Order DENYING Defendant's Request to Access the Law Library.

**I.  Background**

Defendant is charged with Conspiracy to Distribute Fifty (50) or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(viii); and Attempted Possession with Intent to Distribute Fifty (50) or More Grams of Methamphetamine Hydrochloride, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 18 U.S.C. § 2. Indictment at 1-2, ECF No. 13.

On May 28, 2025, Defendant made her initial appearance before the court and was arraigned.

---

[1] Defendant's letter also raised concerns about her access to medical care, ability to receive mail from and visits with family members, and sanitary conditions in her cell. The court has been informed that the U.S. Marshals Service has or is in the processing of addressing these concerns. Accordingly, no action on these matters is required by the court at this time.

Min. Entry, ECF No. 26. The court appointed Attorney Thomas J. Fisher to represent the Defendant. *Id.*; Appt. Order, ECF No. 28. Defendant was and continues to be detained pending trial. Order of Detention, ECF No. 29.

On July 14, 2025, the Clerk's Office received a handwritten letter from Defendant through the mail, which is attached to the Clerk's Notice of Receipt of Letter. ECF Nos. 68 and 68-1. In her letter, Defendant claims that she has been unable to communicate with her attorney and requests access to the law library to conduct research. Def. Letter at 1, ECF No. 68-1. Defendant asserts that "it is [Defendant's] right to access and utilize the law library, to research and utilize law materials to help in the legality of [Defendant's] case." *Id.*

## II. Discussion

The Supreme Court has held that the due process clause of the Fifth Amendment requires some form of "meaningful access" to the courts. *U.S. v. Wilson*, 690 F.2d 1267, 1271 (9th Cir. 1982) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). While access to adequate law libraries is one form of meaningful access to the courts, alternative forms of meaningful access exist to satisfy due process requirements. *Bounds*, 430 U.S. at 830. The offer of court-appointed counsel to represent a defendant satisfies the Fifth Amendment obligation to provide meaningful access to the courts. *Wilson*, 690 F.2d at 1272.

In *Lewis v. Casey*, the Supreme Court clarified that its decision in *Bounds* did not create an abstract, freestanding right to a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). *Bounds*, and other cases that acknowledged the well-established right of access to the courts, merely provided examples of adequate access such as prohibiting prison officials from actively interfering with inmates' attempts to prepare legal or file legal documents, requiring state courts to waive filing fees for indigent inmates, and requiring the availability of law libraries to inmates. *Id.* at 350-51. "In other words, prison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds*, 430 U.S. at 825).

When adequate access to the courts is provided, an inmate may not insist on an alternative method of access. *Wilson*, 690 F.2d at 1271 (citing *Storseth v. Spellman*, 654 F.2d 1349 (9th Cir. 1981)). The government has the obligation to provide assistance and the options as to the form of that assistance rests with the government. *Wilson,* 690 F.2d at 1272 (citing *U.S. v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1973)). Court-appointed counsel at the government's expense is a constitutionally permissible means of access. *Wilson*, 690 F.2d at 1271.

On May 28, 2025, this court appointed Attorney Fisher to represent Defendant in this matter. Appt. Order, ECF No. 28. The court finds that Attorney Fisher's court-appointment satisfies the Fifth Amendment obligation to provide Defendant meaningful access to the courts. Because Defendant continues to have adequate meaningful access to the court in the form of court-appointed counsel, Defendant may not insist on an alternative form of access of her choosing.

### III. Conclusion

Based on the foregoing, the court DENIES the Defendant's request for an order authorizing her to have access to the law library. The court's ruling, however, does not foreclose Defendant from continuing to gain access to the law library from prison officials through administrative means.

IT IS SO ORDERED.



/s/ Michael J. Bordallo
   U.S. Magistrate Judge
**Dated: Jul 28, 2025**